UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL MATTHEW GUILLEN,<br><br>Plaintiff,<br><br>v.<br><br>TYLER SCHLEICHER, et al.,<br><br>Defendants. | Case No. 1:23-cv-01722-SAB<br><br>ORDER SCREENING COMPLAINT<br><br>(ECF No. 1)<br><br>**THIRTY-DAY DEADLINE** |

Gabriel Matthew Guillen (Plaintiff), a detainee at the Bob Wiley Detention Facility proceeding *pro se* and *in forma pauperis*, initiated this civil rights action on December 15, 2023. Plaintiff alleges claims pursuant to 42 U.S.C. § 1983 against Bakersfield Police Department Officers Tyler Schleicher, Edgar Galdamez, and Jaime Orozco (collectively, "Defendant Officers"). Plaintiff's complaint is currently before the Court for screening.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by individuals who are proceeding *in forma pauperis*. See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (per curiam); 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief …." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly (Twombly), 550 U.S. 544, 555 (2007)). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient …." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Courts are to liberally construe documents filed *pro se*, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted); see also Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) ("[W]here the petitioner is *pro se*, particularly in civil rights cases, [courts should] construe the pleadings liberally and … afford the petitioner the benefit of any doubt." (quoting Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010))). Nonetheless, while factual allegations are accepted as true, legal conclusions are not. Twombly, 550 U.S. at 555. Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

On May 27, 2021, Plaintiff was operating a vehicle during a pursuit that ended after unknown Bakersfield Police Officers rammed Plaintiff's car while executing a PIT maneuver. (ECF No. 1 at 3, 9.) Plaintiff's vehicle was subsequently "box[ed] in" by multiple police vehicles with officers surrounding Plaintiff's vehicle with guns drawn. (Id. at 3.) Without being ordered to do so, Plaintiff placed his hands in the air so that they were in view of the officers. (Id.) The front passenger window was shattered, and Officer Schleicher released his K-9 partner into Plaintiff's vehicle. (Id. at 3-4) While the K-9 unit was latched onto Plaintiff's forearm, Officer Galdamez climbed into the vehicle and punched Plaintiff in the face multiple times. (Id. at 4.) Officer Orozco deployed his taser into Plaintiff's

chest while the K-9 was latched onto Plaintiff's forearm and Officer Galdamez was punching Plaintiff. (Id.) Unidentified officers then attempted to forcibly remove Plaintiff from the vehicle by his legs with the K-9 unit still latched to his arm, which caused Plaintiff's head to hit the car door and "bust open." (Id. at 4-5.) After unidentified officers dragged Plaintiff from the car and handcuffed him, Officer Schleicher ordered the K-9 unit to release. (Id. at 8-9.) Unknown police officers then placed Plaintiff in a police car rather than allowing him to receive immediate medical treatment from the EMT at the scene. (Id. at 9.)

Plaintiff alleges he suffered injuries, including damage to his right arm that has caused an inability to write or drive at work. (Id. at 9.) Plaintiff claims the Defendant Officers used excessive force during the arrest and were deliberately indifferent to his medical needs. (Id.) Plaintiff requests monetary damages in the amount of $150,000,000.00. (Id. at 10.)

### III.

### DISCUSSION

Plaintiff alleges three causes of action under section 1983 against Defendant Officers: (1) violation of Fourteenth Amendment; (2) violation of the Eighth Amendment; and (3) violation of "rights and access to medical care." (ECF No. 1 at 3-9.)

**A.   Statute of Limitations**

Failure to comply with the applicable statute of limitations may be grounds for dismissal at the screening stage if it apparent from the face of the complaint that plaintiff cannot "prevail, as a matter of law, on the equitable tolling issue." Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir. 1993).

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. California's statute of limitations for personal injury actions is two years from the date of injury. Cal. Civ. Proc. Code § 335.1.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations period found in state law. Jones, 393 F.3d at 927. This applies to both statutory and equitable tolling. Id. ("For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.") Section 352.1 of the California Code of Civil procedure allows for the tolling of the statute of limitations during a period of "disability" while the plaintiff is in state prison, and the tolling may not exceed two years. Incarceration can toll the statute of limitations for a maximum of two years unless the inmate-plaintiff is serving a life sentence without the possibility of parole. Cal. Civ. Proc. Code § 352.1 (tolling applies to prisoners sentenced to "a term less than for life"); Brooks v. Mercy Hosp., 1 Cal.App.5th 1, 6-7 (2016) (tolling provision construed "to mean that only those sentenced to life without the possibility of parole should be excluded from the tolling provision.") However, section 352.1 does not apply to an individual who is in pretrial custody in a county jail at the time his claims accrued because he is not "imprisoned on a criminal charge" within the meaning of section 352.1. Austin v. Medicis, 21 Cal.App.5th 577, 597 (Cal. Ct. App. 2018), reh'g denied (Apr. 11, 2018), review denied (June 13, 2018); see also Groce v. Claudat, 603 F. App'x 581, 582 (9th Cir. 2015) (finding section 352.1 is inapplicable where plaintiff "was not incarcerated when his claims accrued"); Shaw v. Sacramento Cnty. Sheriff's Dep't, 343 F. Supp. 3d 919, 924 (E.D. Cal. 2018), aff'd in part, rev'd in part and remanded, 810 F. App'x 553 (9th Cir. 2020) (discussing holding in Austin and finding the plaintiff was not serving a prison sentence upon his arrest and subsequent time in county jail); McCain v. Brosowke, No. EDCV 17-2377 MWF (SS), 2018 WL 1918533, at *3-4 (C.D. Cal. Apr. 20, 2018) (same).

"Equitable tolling under California law 'operates independently of the literal working of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." Jones, 393 F.3d at 928 (quoting Lantzy v. Centex Homes, 31 Cal.4th 363, 370 (2003)). "Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been

reasonable and in good faith." Fink, 192 F.3d at 916 (internal quotation marks and citation omitted).

Based on the allegations in the complaint, Plaintiff's section 1983 claims arose on May 27, 2021, and the statute of limitations expired two years later on May 27, 2023. However, Plaintiff did not file the instant action until December 15, 2023, nearly seven months after the limitations period expired. It thus appears this action should be dismissed for failure to comply with the applicable statute of limitations. However, the Court will allow Plaintiff the opportunity to amend his complaint to allege facts that establish that each claim arising out of the May 27, 2021 incident is not time-barred or that tolling applies, if he believes he can do so in good faith. In the event Plaintiff chooses to amend his complaint to allege good faith factual content regarding the apparent time-bar, the Court briefly provides legal standards relevant to Plaintiff's three causes of action.

### B.  Linkage Requirement

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Benavidez v. Cnty. of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing Long, 442 F.3d at 1185; West v. Atkins, 487 U.S. 42, 48 (1988)). This requires the plaintiff to demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934; see also Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of his federal rights.

### C.  Plaintiff's First Cause of Action – Excessive Force

Plaintiff's first cause of action alleges violation of the Fourteenth Amendment for excessive force by the Defendant Officers. (ECF No. 1 at 3.) However, "where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted) overruled on other grounds by Unitherm Food Systems, Inc. V. Swift

–Eckrick, Inc., 546 U.S. 394 (2006); Cnty of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). In this case, the Fourth Amendment "provides [the] explicit textual source of constitutional protection . . . ." Patel, 103 F.3d at 874. Therefore, the Fourth Amendment rather than the Due Process Clause of the Fourteenth Amendment governs Plaintiff's excessive force claims.

The use of excessive force by law enforcement officers in effectuating an arrest states a valid claim under section 1983. See Rutherford v. City of Berkeley, 780 F.2d 1444, 1447 (9th Cir. 1986). To state a claim for imposition of excessive force, Plaintiff must allege facts showing that he (1) suffered some injury which (2) resulted from force that was clearly excessive to the need for force; (3) the excessiveness of which was objectively unreasonable. See Heitschmidt v. City of Houston, 161 F.3d 834, 839 (5th Cir. 1998).

An excessive force claim is analyzed under the Fourth Amendment's "objective reasonableness" standard. Graham v. Connor, 490 U.S. 386, 388 (1989). The Ninth Circuit has articulated a three-step analysis to evaluate excessive force claims under the framework set forth by the Supreme Court in Graham v. Connor. See Thompson v. Rahr, 885 F.3d 582, 586 (9th Cir. 2018) (citing Espinosa v. City & Cnty. of S.F., 598 F.3d 528, 537 (9th Cir. 2010)). First, the Court must assess "the severity of the intrusion" "by considering 'the type and amount of force inflicted.' " Id. Second, the Court must evaluate the government's interest "by assessing (1) the severity of the crime; (2) whether the suspect posed an immediate threat to the officers' or public's safety; and (3) whether the suspect was resisting arrest or attempting to escape." Espinosa, 598 F.3d at 537 (quoting Graham, 490 U.S. at 396). Third, the Court must balance "the gravity of the intrusion on the individual against the government's need for that intrusion … to determine whether the force used was 'greater than is reasonable under the circumstances.'" Id. (citing Santos v. Gates, 287 F.3d 846, 854 (9th Cir. 2002)).

Because reasonableness "is not capable of precise definition or mechanical application," the inquiry requires "attention to the facts and circumstances of each particular case." Graham, 490 U.S. at 396. Reasonableness "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. Id. (citing Johnson v. Glick, 481 F. 2d 1028, 1033 (2nd Cir. 1973)). Rather, "[t]he calculus of reasonableness must embody

allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." Id. at 396–97; see also Ames v. King Cnty., 846 F.3d 340, 348 (9th Cir. 2017). Determination of reasonableness therefore requires consideration of the totality of the circumstances. Mattos v. Agarano, 661 F.3d 433 (9th Cir. 2011). Consequently, courts consider other factors, such as the availability of alternative methods of capturing or detaining the suspect in determining reasonableness. Chew v. Gates, 27 F.3d 1432, 1441 (9th Cir. 1994), cert. denied, 513 U.S. 1148 (1995).

Plaintiff asserts an excessive force claim solely under the Fourteenth Amendment. Based on the aforementioned authorities, Plaintiff fails to state a claim for excessive force under the Fourteenth Amendment.

### D.     Plaintiff's Second Cause of Action – Excessive Force

Plaintiff's second cause of action is for violation of the Eight Amendment for excessive force by the Defendant Officers. (ECF No. 1 at 6-8.) Although unclear, the Court liberally construes Plaintiff's complaint to allege violation of the cruel and unusual punishment clause. However, the Eighth Amendment's prohibition of cruel and unusual punishment applies only after conviction and sentencing. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (citing Graham, 490 U.S. at 393 n.6). In general, under the Eighth Amendment, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quotations and citations omitted); see also Rhodes v. Chapman, 452 U.S. 337, 346 (1981) ("the Eighth Amendment prohibits punishments which … involve the unnecessary and wanton infliction of pain, … are grossly disproportionate to the severity of the crime," or are otherwise "totally without penological justification.") (citations and quotations omitted).

Here, Plaintiff's claims are not asserted against prison officials, but against Bakersfield Police Officers, and arise from events occurring prior to even Plaintiff's current pretrial detention. Lee, 250 F.3d at 686 (noting pretrial detainees "are not convicted prisoners" and therefore have no rights under

the Eighth Amendment). Accordingly, irrespective of the apparent time-bar to Plaintiff's first cause of action, Plaintiff cannot state a cognizable claim under the Eighth Amendment for excessive force.

As previously discussed, a claim of excessive force in the context of an arrest implicates the protection of the Fourth Amendment right to be free from "unreasonable … seizures," not the Eighth Amendment. U.S. Const. amend. IV; see Graham, 490 U.S. at 394; see also Gibson v. Cnty. of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002) ("[b]ecause [the plaintiff] had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment."), overruled on other grounds by Castro v. Cnty. of L.A., 833 F.3d 1060 (9th Cir. 2016).

Given the allegations in Plaintiff's second cause of action for excessive force in violation of the Eighth Amendment are identical to his first cause of action for excessive force in violation of the Fourteenth Amendment, it appears Plaintiff's first and second causes of action are duplicative. Even if Plaintiff can amend his complaint to allege that his claims stemming from the May 27, 2021 incident are not time-barred or are subject to equitable tolling, Plaintiff fails to state a claim for excessive force under the Eighth Amendment.

**E.   Plaintiff's Third Cause of Action – Deliberate Indifference**

Plaintiff's third cause of action is for violation of rights and access to medical care at the scene on May 27, 2021. (ECF No. 1 at 9-10.) Plaintiff specifically alleges unspecified police officers were "deliberately indifferent towards [Plaintiff's] physical, emotional and mental well being" when they placed him in a police car without seeking immediate medical attention. (ECF No. 1 at 9.)

While a prisoner may claim inadequate medical care in violation of the Eighth Amendment if the mistreatment rises to the level of deliberate indifference to serious medical needs, Plaintiff cannot state a claim under the Eighth Amendment because, as previously discussed, he was not a prisoner at the time of the alleged inadequate medical care on May 27, 2021. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

Instead, "[c]laims alleging inadequate medical care during and immediately following an arrest are to be analyzed under the Fourth Amendment." Espinoza v. California Highway Patrol, No. 16-cv-00193, 2016 WL 4943960, at *3 (E.D. Cal. Sept. 16, 2016) (citing Tatum v. City and Cnty. of S.F., 441

F.3d 1090, 1098-99 (9th Cir. 2006)). "Due process requires that police officers seek the necessary medical attention for a detainee when he or she has been injured while being apprehended by either promptly summoning the necessary medical help or by taking the injured detainee to a hospital." Tatum, 441 F.3d at 1099 (citing Maddox v. City of Los Angeles, 792 F.2d 1408, 1415 (9th Cir. 1986)); see also Est. of Sanchez v. Cnty. of Stanislaus, No. 118CV00977ADABAM, 2023 WL 7612399, at *23 (E.D. Cal. Nov. 14, 2023) (same). "Just as the Fourth Amendment does not require a police officer to use the least intrusive method of arrest, neither does it require an officer to provide what hindsight reveals to be the most effective medical care for an arrested suspect." Tatum, 441 F.3d at 1098. "[T]he critical inquiry is not whether the officers did all that they could have done, but whether they did all that the Fourth Amendment requires." Id. at 1099.

Plaintiff fails to allege which Defendant Officer is liable for his inadequate medical treatment claim. Instead, Plaintiff alleges unspecified Bakersfield Police Officers placed him in the back of a police car rather than seeking immediate medical treatment for Plaintiff from the EMT already on scene. (ECF No. 1 at 9.) Should Plaintiff choose to amend his complaint to allege facts showing his claims are not time-barred, he must specify which officer—whether it be a named Defendant Officer or Doe Officer—violated his right to medical care under the Fourth Amendment. If Plaintiff's third cause of action is intended to be brought as a violation of the Eighth Amendment for deliberate indifference to serious medical needs, he fails to state a cognizable claim for the reasons stated herein.[1]

## IV.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff fails to state any cognizable claims for relief and shall be granted leave to file an amended complaint to cure the deficiencies identified in this order, if he believes he can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). If Plaintiff chooses to file an amended complaint, that complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional rights or violations of state law. Iqbal, 556 U.S. at 678-79. Importantly, the "[f]actual allegations must be [sufficient] to raise

---

[1] Any amended Fourth Amendment claim alleging inadequate medical care during and immediately following an arrest should be alleged separately from any claim for a violation of the Fourth amendment alleging excessive force.

9

a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.' ").

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order;
3. The first amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated:   **June 5, 2024**

UNITED STATES MAGISTRATE JUDGE