| | |
|---|---|
| GABRIEL MATTHEW GUILLEN,<br><br>       Plaintiff,<br><br>   v.<br><br>TYLER SCHLEICHER, et al.,<br><br>       Defendants. | Case No. 1:23-cv-01722-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM AND DISMISSING ACTION FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO PROSECUTE<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**I.**

**INTRODUCTION**

Gabriel Matthew Guillen (Plaintiff), proceeding *pro se* and *in forma pauperis*, filed the first amended complaint in this civil rights action pursuant to 42 U.S.C. § 1983 against Bakersfield Police Department Officers Tyler Schleicher, Edgar Galdamez, and Jaime Orozco (collectively, "Defendant Officers").  On  September 9, 2024, a screening order issued finding Plaintiff had failed to state a cognizable claim and granting Plaintiff leave to file a second amended complaint within thirty days. (ECF No. 17.)  In the September 9, 2024 order, Plaintiff was advised that if he failed to file an amended complaint, it would be recommended that this action be dismissed for the reasons stated in

1

the order.  (Id. at 6.)   More than thirty days have passed, and Plaintiff has not filed an amended complaint or otherwise responded to the screening order.  For the following reasons, the Court recommends the action be dismissed for failure to state a cognizable claim, failure to prosecute this action, and failure to obey the Court's order to file an amended complaint.

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by individuals who are proceeding *in forma pauperis*.  See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (per curiam); 28 U.S.C. § 1915(e)(2).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief …."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly (Twombly), 550 U.S. 544, 555 (2007)).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient …."  Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Courts are to liberally construe documents filed *pro se*, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted); see also Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) ("[W]here the petitioner is *pro se*, particularly in civil rights cases, [courts should] construe the pleadings liberally and … afford the petitioner the benefit of any doubt." (quoting Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010))).  Nonetheless, while factual allegations are accepted as true, legal conclusions are not.  Twombly, 550 U.S. at 555.  Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

# III.

# COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915. On May 27, 2021, Bakersfield Police Officer Schleicher released his K-9 partner into Plaintiff's immobilized vehicle. (FAC at 3.) The K-9 unit was latched onto Plaintiff's right forearm for more than five minutes. (Id.) While the K-9 unit was still latched on Plaintiff's forearm and Plaintiff was secured by his seatbelt, Officer Galdamez climbed into the vehicle and punched Plaintiff in the face multiple times. (Id. at 4.) Officer Orozco deployed his taser into Plaintiff's chest while the K-9 was latched onto Plaintiff's forearm. (Id.) Plaintiff alleges he suffered injuries, including damage to his right arm that has caused an inability to functionally use his right arm. (Id. at 6.) Plaintiff requests monetary damages. (Id.)

# IV.

# DISCUSSION

### A.     Failure to State a Claim

Plaintiff alleges one cause of action under 42 U.S.C. § 1983 against Defendant Officers for excessive force in violation of the Fourth Amendment. (FAC at 3-4.) Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Benavidez v. Cnty. of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing Long, 442 F.3d at 1185; West v. Atkins, 487 U.S. 42, 48 (1988)). This requires the plaintiff to demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934; see also Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of his federal rights.

A claim of excessive force in the context of an arrest implicates the protection of the Fourth Amendment right to be free from "unreasonable ... seizures." U.S. Const. amend. IV. The use of

excessive force by law enforcement officers in effectuating an arrest states a valid claim under section 1983. See Rutherford v. City of Berkeley, 780 F.2d 1444, 1447 (9th Cir. 1986). To state a claim for use of excessive force, Plaintiff must allege facts showing that he (1) suffered some injury which (2) resulted from force that was clearly excessive to the need for force; (3) the excessiveness of which was objectively unreasonable. See Heitschmidt v. City of Houston, 161 F.3d 834, 839 (5th Cir. 1998).

An excessive force claim is analyzed under the Fourth Amendment's "objective reasonableness" standard. Graham v. Connor, 490 U.S. 386, 388 (1989). The Ninth Circuit has articulated a three-step analysis to evaluate excessive force claims under the framework set forth by the Supreme Court in Graham v. Connor. See Thompson v. Rahr, 885 F.3d 582, 586 (9th Cir. 2018) (citing Espinosa v. City & Cnty. of S.F., 598 F.3d 528, 537 (9th Cir. 2010)). First, the Court must assess "the severity of the intrusion" "by considering 'the type and amount of force inflicted.' " Id. Second, the Court must evaluate the government's interest "by assessing (1) the severity of the crime; (2) whether the suspect posed an immediate threat to the officers' or public's safety; and (3) whether the suspect was resisting arrest or attempting to escape." Espinosa, 598 F.3d at 537 (quoting Graham, 490 U.S. at 396). Third, the Court must balance "the gravity of the intrusion on the individual against the government's need for that intrusion … to determine whether the force used was 'greater than is reasonable under the circumstances.'" Id. (citing Santos v. Gates, 287 F.3d 846, 854 (9th Cir. 2002)).

Because reasonableness "is not capable of precise definition or mechanical application," the inquiry requires "attention to the facts and circumstances of each particular case." Graham, 490 U.S. at 396. Reasonableness "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. Id. (citing Johnson v. Glick, 481 F. 2d 1028, 1033 (2nd Cir. 1973)). Rather, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." Id. at 396–97; see also Ames v. King Cnty., 846 F.3d 340, 348 (9th Cir. 2017). Determination of reasonableness therefore requires consideration of the totality of the circumstances. Mattos v. Agarano, 661 F.3d 433 (9th Cir. 2011). Consequently, courts

consider other factors, such as the availability of alternative methods of capturing or detaining the suspect in determining reasonableness. Chew v. Gates, 27 F.3d 1432, 1441 (9th Cir. 1994), cert. denied, 513 U.S. 1148 (1995).

Here, Plaintiff alleges that Officer Schleicher released his K-9 into Plaintiff's immobilized vehicle; Officer Galdamez punched Plaintiff in the face; and Officer Orozco deployed his taser. (FAC at 3-4.) While Plaintiff adequately alleges the Defendant Officers used force, he fails to allege facts that each Defendant Officer's use of force was unreasonable. Stating in conclusory fashion that a Defendant Officer's conduct was "unnecessary" is insufficient to state a claim. (FAC at 3); Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555) (noting detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Whether the Defendant Officers' conduct was necessary or reasonable is the heart of an excessive force claim. Plaintiff must plead factual allegations that support that each Defendant's conduct was unreasonable under the circumstances. See Espinosa, 598 F.3d at 537. Because the sparse facts alleged in the first amendment complaint do not allow the Court to draw a reasonable inference that each Defendant Officer is liable for the misconduct alleged, Iqbal, 556 U.S. at 663, Plaintiff fails to state a cognizable claim for excessive force in violation of the Fourth Amendment against each Defendant Officer.

### B. Plaintiff's Failure to Prosecute and Comply with a Court Order

Additionally, the Court should dismiss the action due to Plaintiff's failure to comply with a Court order and failure to prosecute. Plaintiff has failed to comply with the September 9, 2024 order granting him leave to file an amended complaint. A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for

lack of prosecution and failure to comply with local rules). Where a plaintiff fails to file an amended complaint after being provided with leave to amend to cure the failure to state a claim, a district court may dismiss the entire action. Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir. 2005).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006); Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). These factors guide a court in deciding what to do; they are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine, 460 F.3d at 1226.

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. Plaintiff was ordered to file an amended complaint to cure the deficiencies that were identified in his complaint within thirty days of September 9, 2024. Plaintiff has been provided with the legal standards that would apply to his claims and the opportunity to file an amended complaint. Plaintiff has neither filed an amended complaint nor otherwise responded to the Court's order. Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this action towards disposition and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452–53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in

dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424.  The Court's September 9, 2024 order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order."  (ECF No. 17 at 6.)  Thus, Plaintiff had adequate warning that dismissal of this action would result from his noncompliance with the Court's order and his failure to state a claim.  Accordingly, Plaintiff's noncompliance warrants dismissal.

## V.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be DISMISSED, without prejudice, for Plaintiff's failure to state a claim, failure to prosecute, and failure to comply with a court order.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  **Within fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court limited to 15 pages in length, including any exhibits.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 16, 2024**

UNITED STATES MAGISTRATE JUDGE