1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

10
11

GABRIEL MATTHEW GUILLEN,

Plaintiff,

v.

TYLER SCHLEICHER, et al.,

Defendants.

Case No. 1:23-cv-01722-KES-SAB

FINDINGS AND RECOMMENDATIONS
RECOMMENDING DISMISSAL OF
ACTION

(ECF No. 24)

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff is proceeding *pro se* and *in forma pauperis* in this action filed pursuant to 42 U.S.C. § 1983.  Following multiple screening orders, Plaintiff filed a second amended complaint against on November 15, 2024.  (ECF No. 9.)  On December 9, 2024, the Court issued an order authorizing service of Plaintiff's second amended complaint and requiring Plaintiff to fill out and return the USM-285 form and summonses for Defendants Tyler Schliecher, Edgar Galdamez, and Jaime Orozco within thirty days.  (ECF No. 23.)  More than thirty days passed, and Plaintiff did not comply with or otherwise respond to the December 9, 2024 order.  The Court issued an order to show cause directing Plaintiff to show cause in writing why this matter should not be dismissed for failure to prosecute and failure to comply with a court order.  (ECF No. 24.)  The Court was explicit that "**Plaintiff is advised that failure to show cause in response to this order will result in the recommendation this action being dismissed for failure to comply with a court order and failure to prosecute.**" (Id. at p. 2) (emphasis in original).  More than

1    fourteen days have passed, and Plaintiff has not complied with the January 21, 2025 order to

2    show cause.   The Court will now recommend that this matter be dismissed for failure to

3    prosecute as well as failure to comply with the Court's December 9, 2024 and January 21, 2025

4    orders.  (ECF Nos. 23, 24.)

**I.**

**DISCUSSION**

7        Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action

8    when a litigant fails to prosecute an action or fails to comply with a court order.  See Fed. R. Civ.

9    P. 41(b); see also Applied Underwriters v. Lichtenegger, 913 F.3d 884, 889 (9th Cir. 2019)

10   (citations omitted); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir.

11   2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may

12   dismiss under Rule 41(b) sua sponte, at least under certain circumstances.").  Similarly, Local

13   Rule 110 permits courts to impose sanctions on a party who fails to comply with a court order.

14   Further, the procedural rules that govern this Court are to be "construed, administered and

15   employed by the court . . . to secure the just, speedy, and inexpensive determination of every

16   action and proceeding."  Fed. R. Civ. P. 1.

17       Before dismissing an action under Fed. R. Civ. P. 41, a court must consider: (1) the

18   public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3)

19   the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5)

20   the availability of less drastic sanctions.  See Applied Underwriters, 913 F.3d at 890 (noting that

21   these five factors "must be considered" before a Rule 41 involuntarily dismissal); Malone v. U.S.

22   Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (reviewing the five factors and

23   independently reviewing the record because the district court did not make finding as to each).

24   But see Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same but

25   noting the court need not make explicit findings as to each); Ferdik v. Bonzelet, 963 F.2d 1258,

26   1260-61 (9th Cir. 1992) (affirming dismissal of pro se § 1983 action when plaintiff did not

27   amend caption to remove "et al." as the court directed and reiterating that an explicit finding of

28   each factor is not required by the district court).

1    Upon review of the above-stated factors, the Court finds dismissal of the action is
2 warranted.  The expeditious resolution of litigation is deemed to be in the public interest.
3 Yourish v. California Amplifier, 191 F.3d 983, 990-91 (9th Cir. 1999).  Turning to the second
4 factor, the Court's need to efficiently manage its docket cannot be overstated.  Given Plaintiff
5 has failed to respond to this order to show cause, the Court's time is better spent on other matters
6 than needlessly consumed managing a case with a recalcitrant litigant.[1]  Indeed, "trial courts do
7 not have time to waste on multiple failures by aspiring litigants to follow the rules and
8 requirements of our courts." Pagtalunan v. Galaza, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J.,
9 concurring in affirmance of district court's involuntary dismissal with prejudice of habeas
10 petition where the petitioner failed to timely respond to court order, noting "the weight of the
11 docket-managing factor depends upon the size and load of the docket, and those in the best
12 position to know what that is are our beleaguered trial judges").  Delays have the inevitable and
13 inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable
14 and can prejudice a defendant, thereby satisfying the third factor.  See Sibron v. New York, 392
15 U.S. 40, 57 (1968).  The instant dismissal is a dismissal without prejudice, which is a lesser
16 sanction than a dismissal with prejudice, thereby addressing the fifth factor.

17    In sum, this case cannot linger indefinitely on this Court's already overburdened docket.
18 A dismissal of this action for failure to prosecute and failure to comply with court orders is in
19 accord with Ninth Circuit precedent as well precedent governing Rule 41 dismissals.  It appears
20 Plaintiff has abandoned this action, and Plaintiff's failure to respond to the Court's Order
21 warrants the sanction of dismissal without prejudice under the circumstances.

## II.

### ORDER AND RECOMMENDATIONS

24    Accordingly, it HEREBY RECOMMENDED that this case be dismissed without
25 prejudice for prosecute this action and/or comply with the Court's order under Fed. R. Civ. P. 41

---

[1] Plaintiff also failed to timely file a second amended complaint following a screening order from the Court. (ECF No. 17, 19.)  This necessitated the Court issuing a previous findings and recommendations recommending that the district judge dismiss the complaint (ECF No. 19) to which Plaintiff objected.  (ECF No. 20.)  Based on those objections, the Court vacated its findings and recommendations and allowed Plaintiff to file his second amended complaint.  (ECF No. 21.)

1   and Local Rule 110.

2        These Findings and Recommendations will be submitted to the United States District

3   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen**

4   **(14) days** after being served with these Findings and Recommendations, Plaintiff may file

5   written objections with the Court, limited to 15 pages in length, including exhibits.    The

6   document  should  be  captioned  "Objections  to  Magistrate  Judge's  Findings  and

7   Recommendations."  Plaintiff is advised that failure to file objections within the specified time

8   may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th

9   Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

10

11  IT IS SO ORDERED.

12  Dated:    **February 10, 2025**

                                            STANLEY A. BOONE
13                                          United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28